### City of Newport v. Lohstroh, et al.

(Decided October 25, 1916.)

Appeal from Campbell Circuit Court.

Municipal Corporations—Collection and Enforcement of Taxes in General.—The repayment by a city treasurer of delinquent taxes

to the city auditor, which had been collected by the auditor and turned over to the treasurer, so that the auditor might pay the same over to a new delinquent tax collector to enable the latter to receive commissions thereon, was unauthorized, and the city was entitled to a judgment against the treasurer on his bond for such part of same as was not returned to the treasury.

OTTO WOLF and L. J. DISKEN for appellant.

RAMSEY WASHINGTON, H. M. BENTON and BRENT SPENCE for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellee Lohstroh was Treasurer of the City of Newport in 1908. From August, 1908, to January, 1909, there was no delinquent tax collector for the City and the City Auditor Kessler during that period from time to time collected $2,041.07 in delinquent taxes.

In January, 1909, one Reusch was appointed delinquent tax collector and thereafter on February 27th, 1909, Lohstroh as Treasurer gave to Kessler his check for the $2,041.07, which check was endorsed by Kessler and turned over to Reusch, who subsequently accounted for the same to the City except that he retained $191.74 thereof as commissions as if he (Reusch) had collected the same.

This is an action by the City against the Treasurer on his official bond for $2,041.07 together with another item hereafter to be considered.

The answer of the defendant was that between August, 1908, and February, 1909, Kessler deposited at various times that amount of money with the defendant Lohstroh for safe keeping in his individual capacity and with the understanding that Lohstroh should hold the same for Kessler; that prior to February 27th, '09, Lohstroh, through error, deposited the said amount in bank to his credit as City Treasurer and on that date, upon request of Kessler, returned the same to him by giving him a check for said sum against his account as Treasurer payable to the order of Kessler; that up to and including the time of giving said check defendant did not know that the money belonged to the City, and that said Kessler endorsed and delivered the check to Reusch, the delinquent tax collector, who thereafter accounted to the City for the whole amount of the same, less the sum of $191.74 which he retained as commission thereon.

The whole defense was that Lohstroh did not know when the money was turned over to him by Kessler that it belonged to the City but thought that it was the individual money of Kessler, who was the Auditor, and that he, Lohstroh, by mistake or oversight, deposited the same to his credit as Treasurer.

The evidence on this point is by the city solicitor that Lohstroh came to him in the early part of 1909 and asked his advise as to whether he should pay to Reusch, the new delinquent tax collector, this sum of money; that he advised Lohstroh that Reusch had no right to commissions on delinquent taxes which he had not collected and that Lohstroh told him that Kessler and Reusch were trying to force him to pay over this sum of money to one of them and that Kessler told him (Lohstroh) that he would not give him his quietus unless he did. Lohstroh, in his testimony, while he denied that he know positively that it was delinquent tax money that Kessler had turned over to him, made the following statement:

"He never at any time told me what the money was for, but I surmised, just in my own idea, that some of it must be delinquent tax money, because I saw him taking some of it in—saw him collecting it."

"I will say that I was pretty positive that he was collecting delinquent taxes, because I saw him taking some in."

From this positive evidence of the city solicitor, and these unmistakable admissions of the defendant Lohstroh, it is absolutely certain, not only that these sums represented delinquent taxes collected by Kessler, but that Lohstroh knew it, and that the returning of the money to Kessler by him was for the sole purpose of enabling Reusch, the new delinquent tax collector, to receive commissions on this amount of delinquent taxes which he had not in fact collected. The lower court should have, as requested by the plaintiff, directed the jury to return a verdict for the plaintiff for this sum of $191.74.

It was also sought in the petition to recover $1,000 alleged to have been wrongfully withdrawn from the treasury by the defendant in the year 1911; but it is shown that the City Council during that year in an ordinance set aside that amount of money for assistance to the Treasurer in his office, and that he employed such

assistant during that year and paid him the entire sum by vouchers approved by the Mayor and the Council. The Court therefore properly directed a verdict for the defendant as to this item.

For the reason given the judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent herewith.